IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GONZALES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SHERIFF LEROY BACA, SECRETARY JAMES E. TILTON, WARDEN A.K. SCRIBNER,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　　/ | No. C 02-2279 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO FILE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; GRANTING A STAY; AND DENYING RESPONDENTS' MOTION TO DISMISS FIRST AMENDED PETITION** |

Now before the Court is the motion to file a first amended petition for a writ of habeas corpus by Benjamin Gonzales ("Petitioner"). In the alternative, Petitioner moves for a stay of the determination of whether Petitioner's alleged incompetence justifies equitable tolling of the time limit for filing a habeas petition. Sheriff Leroy Baca, James E. Tilton and A.K. Scribner ("Respondents") move to dismiss the amended petition. The Court finds that this matter is appropriate for disposition without a hearing and therefore denies Petitioner's request for a hearing. *See* Civ. L. R. 7-1(b). Having carefully reviewed the parties' pleadings and the record and having considered the relevant legal authority, the Court hereby GRANTS IN PART and DENIES IN PART Petitioner's motion to file an amended petition for writ of habeas corpus; GRANTS Petitioner's motion to stay the determination of whether Petitioner's alleged incompetence justifies equitable tolling; and DENIES Respondents' motion to dismiss the first amended petition.

**STATEMENT OF FACTS**

The facts leading up to this motion are uncontested. Petitioner was charged in the Superior Court of California for the County of Alameda with first-degree murder and personal use of a deadly or dangerous weapon in connection with the 1992 murder of Barbara Muszalski. That case was consolidated with two other cases, which charged Petitioner with assault with a deadly weapon and misdemeanor battery. During the period from September 1995 to May 1997, the Superior Court held three competency hearings, in which Petitioner was found to be incompetent. At a fourth hearing in July 1998, the Superior Court found Petitioner competent to stand trial. In December 1998, a jury convicted Petitioner of all charges. The Court of Appeal affirmed Petitioner's conviction, and the California Supreme Court denied his petition for review on February 21, 2001.

On May 10, 2002, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in this Court. (Petition for a Writ of Habeas Corpus by a Person in State Custody ("Original Petition").) Respondents filed an answer on July 19, 2002. (Docket No. 5.) On August 29, 2002, the Court appointed defense counsel. (Docket No. 9.) The Court granted a stay of the petition pending Petitioner's exhaustion of state remedies beginning May 15, 2003. (Docket No. 19.) On July 14, 2006, the Court entered an order continuing the stay of proceedings and administratively closing the case for the pendency of the stay. (Docket No. 96.) Petitioner now moves to file a first amended habeas petition. (Docket No. 98.)

In his original petition, Petitioner made five claims.

**Original Claim One**: the trial court violated Petitioner's due process rights by placing the burden of proving incompetency on Petitioner at his most recent pre-trial competency hearing.

**Original Claim Two**: the trial court violated Petitioner's due process rights by refusing to order a competency hearing during Petitioner's trial.

**Original Claim Three**: the trial court violated Petitioner's constitutional rights by improperly admitting evidence at trial from the pre-trial competency examinations.

**Original Claim Four**: while instructing the jury regarding other-crimes evidence, the trial court violated Petitioner's due process rights by misstating the burden of proof required for conviction of a criminal offense.

**Original Claim Five**: the appellate court violated Petitioner's due process rights by rejecting a claim of error on a theory that the state never raised. (Original Petition at 7-a - 7-b.)

By this motion, Petitioner seeks to dismiss Original Claim Five and substitute Respondents for George Galaza, who was named in the Original Petition. (Br. at 5.) Further, Petitioner seeks to rework the four remaining claims, add additional claims, renumber the claims and add additional factual bases to support his claims. (*Id.*) Petitioner's first amended petition contains ten claims.

**Amended Claim One**: the trial court violated Petitioner's due process rights by placing the burden of proving incompetency on Petitioner at his pre-trial competency hearing. (This claim is identical to Original Claim One.)

**Amended Claim Two**: counsel was ineffective during the pre-trial competency hearing.

**Amended Claim Three**: the trial court violated Petitioner's due process rights by failing to order a competency hearing during trial and by trying Petitioner while he was incompetent.

**Amended Claim Four**: a state actor, one of Petitioner's treating nurses, violated Petitioner's constitutional rights by entering into a romantic relationship with Petitioner and contributing to his incompetence.

**Amended Claim Five**: the prosecution violated Petitioner's due process rights by knowingly introducing false evidence regarding the nature of Petitioner's relationship with an alleged previous victim, and by introducing evidence that Petitioner was HIV-positive, despite the fact that the trial court previously had excluded the evidence from trial.

**Amended Claim Six**: counsel was ineffective during trial for failing to investigate evidence, admitting improper evidence, failing to present favorable evidence, and permitting improper jury instructions.

1 **Amended Claim Seven**: the trial court violated Petitioner's constitutional rights by improperly admitting evidence at trial from the pre-trial competency examinations. (This claim is identical to Original Claim Three.)

**Amended Claim Eight**: the trial court violated Petitioner's constitutional rights by admitting testimonial evidence from an absent psychologist and a hospital report.

**Amended Claim Nine**: while instructing the jury regarding other-crimes evidence, the trial court violated Petitioner's due process rights by misstating the burden of proof required for conviction of a criminal offense. (This claim is identical to Original Claim Four.)

**Amended Claim Ten**: appellate counsel was ineffective for failing to raise the aforementioned claims on appeal. (First Amended Petition ("FAP") at 11-52.)

In their opposition brief, Respondents argue that Amended Claims Two, Four, Five, Six, Eight and Ten are barred by the time limit established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Opp. Br. at 1-2.) Respondents move to dismiss the amended claims, citing *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989) (noting that a motion to dismiss may be proper instead of a formal answer in certain circumstances, such as where petitioner's claims have been decided on the merits, petitioner has failed to exhaust state remedies or petitioner is not in custody within the meaning of statutory law). (Opp. Br. at 2.) In turn, Petitioner argues that his amended claims relate back to those made in the Original Petition, or alternately his circumstances may justify equitable tolling of AEDPA's time limit. (Reply Br. at 2.) Additional facts will be discussed as necessary in the analysis.

## ANALYSIS

**A. Legal Standards Relevant to Amending a Habeas Petition.**

Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to "specify all of grounds for relief available to [him]" and to "state the facts supporting each ground." "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing 28 U.S.C. § 2243).

Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows petitioners to amend a petition with leave of court any time during a proceeding. *Mayle*, 545 U.S. at 654. However, AEDPA, 28 U.S.C. § 2244, imposes a one-year time limit on federal habeas corpus petitioners, providing them with one year from the date upon which the conviction becomes "final" to file a petition. *Id.* at 648. The one-year time limit begins to run ninety days after the time for filing a petition for certiorari to the Supreme Court expires. *United States v. Garcia*, 210 F.3d 1058, 1059-1060 (9th Cir. 2000). The time limit furthers AEDPA's general purpose of "advanc[ing] the finality of criminal convictions." *Mayle*, 545 U.S. at 662. "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the [same] conduct, transaction, or occurrence." *Id.* (citing Fed. R. Civ. P. 15(c)(2)). In addition, AEDPA's time limitation may be equitably tolled if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

**B.  Petitioner's Motion to File an Amended Habeas Petition.**

### 1.  Amended Claims One, Three, Six (in part) Seven, Eight and Nine Relate Back.

Respondents agree that filing of the Original Petition was timely and do not object to Petitioner's substitution of the proper parties, or to dismissing Original Claim Five. However, Respondents argue that Petitioner's amended claims do not relate back to the original habeas claims. (Opp. Br. at 1-2.) The Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. Relation back exists "only when the claims added by the amendment arise from the same core facts as the timely filed claims." *Id.* at 657.

In *Mayle*, petitioner's original pro se habeas claim alleged that the admission of a witness' videotaped testimony violated the Sixth Amendment. *Id.* at 648. His amended claim alleged that police used coercive tactics during petitioner's pre-trial interrogation in violation of

5

the Fifth Amendment. *Id.* Resolving a circuit split, the Supreme Court held that "[b]ecause [petitioner]'s own pretrial statements, newly raised in his amended petition, were separated in time and type from [the witness'] videotaped statements, raised in [the] original petition, the former would not relate back under the definition of 'conduct, transaction, or occurrence' to which most Circuits adhere." *Id.* at 657. In denying relation back, the Court noted two circuit court cases as examples: *Mandacina v. United States*, 328 F.3d 995 (8th Cir. 2003) and *Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001). *Mayle* 545 U.S. at 664 n.7. The Court also quoted 3 J. Moore et al., *Moore's Federal Practice* § 15.19[2] (3d ed. 2004), for the proposition that relation back is ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory." *Mayle* 545 U.S. at 664 n.7.

In *Woodward*, the Tenth Circuit set out a minimum threshold for relation back, noting that "[p]ursuant to Rule 15(c), an untimely amendment to a § 2255 motion[1] which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may . . . relate back to the date of the original motion." 263 F.3d at 1142. *Woodward* involved an original claim, alleging generally that the trial court violated petitioner's rights by allowing recanted statements to be introduced at trial. *Id.* The court permitted petitioner to add an amended claim that clarified the original claim by alleging that the court failed to allow petitioner to introduce evidence that certain statements actually had been recanted. *Id.*

*Mandacina* involved two amended claims: a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1972), and an ineffective assistance of counsel claim. *Mandacina*, 328 F.3d at 999. The Eighth Circuit noted that petitioner's original claim referred to *Brady* violations and held that the amended *Brady* claim related back to the original claim because the amendment simply specified a report that the prosecution failed to produce. *Id.* at 1001. However, the court held that an amended claim alleging ineffective assistance for failing to investigate a specific witness report did not relate back to the original claim, alleging ineffective assistance for failing

---

[1] The Supreme Court has not distinguished between challenges to state custody pursuant to 28 U.S.C. § 2254 and to federal custody pursuant to § 2255 for purposes of relation back. *See Mayle*, 545 U.S. at 664 n.7 (applying cases involving federal custody to a case involving state custody).

to discover allegedly exculpatory evidence of a footprint at the crime scene. *Id.* at 1002. The court noted that "[a]lthough both claims relate to pretrial conduct by counsel and therefore occurred at a generally similar 'time,' the claims are not similar in 'type.'" *Id.*

The Ninth Circuit has not published an opinion interpreting *Mayle*. However, the Ninth Circuit has cited *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005), in an unpublished opinion. *See Preston v. Harris*, 2007 U.S. App. LEXIS 463, *3 (9th Cir. 2007). In *Ciampi*, the original claim alleged that during the plea colloquy, the trial court failed to inform petitioner that he was waiving his right to appeal or collaterally to challenge his conviction. 419 F.3d at 22. One of the amended claims alleged ineffective assistance of counsel for failing to appeal petitioner's conviction. *Id.* The court held that the claim did not related back because the focus of the original claim was on the district court's inquiry, whereas the focus of the amended claim was on petitioner's understanding of his waivers. *Id.* at 24. In addition to the different foci, the court also noted that the original and amended claims discussed different actors, the court and petitioner's attorney. *Id.*

No appellate court has yet to determine whether an original and amended claim involving the same core facts but different legal theories relate back for purposes of Rule 15. However, in *Mayle* the Supreme Court noted that relation back would exist in such a circumstance. 545 U.S. at 664 n.7. Further, in *United States v. Mock*, the original claim alleged that petitioner's sentence violated *United States v. Booker*, 543 U.S. 220 (2005). 2006 U.S. Dist. LEXIS 27079, *3 (D. Wash. 2006). The two amended claims alleged a sentencing violation under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and ineffective assistance of counsel for failing to raise the *Apprendi* violation. *Id.* The *Mock* court held that both amended claims related back to the original *Booker* claim because the *Apprendi* sentencing claim involved challenges to the same sentencing factors that supported the *Booker* claim, and the ineffective assistance claim was analogous to the *Apprendi* sentencing claim. *Id.* at *4.

Here, Respondents concede that Amended Claims One, Seven and Nine relate back to claims in the Original Petition. (*See* Opp. Br. at 9, 12, 13.) The Court finds under *Mayle* that five of the amended claims, Amended Claims Two, Four, Five, Six and Ten, at least partially do

7

not relate back to any of the claims in the Original Petition. Amended Claims Three and Eight do relate back to claims in the Original Petition.

### a. Amended Claim Two.

Amended Claim Two alleges ineffective assistance of counsel during Petitioner's pre-trial competency hearing. Petitioner cites supporting facts including counsel's failure adequately to investigate Petitioner's mental state, counsel's failure to interview a nurse with whom Petitioner allegedly had an intimate relationship, and counsel's failure to present witnesses on Petitioner's behalf at the hearing. (FAP at 21-23.) Petitioner argues that Amended Claim Two relates back to the facts supporting Original Claim One, alleging that the trial court improperly placed the burden of proof on Petitioner at the competency hearing. (Reply Br. at 5.) Petitioner also argues that Amended Claim Two relates back to Original Claim Two, alleging that the trial court should have ordered a competency hearing during Petitioner's trial. (*Id.*)

However, although Amended Claim Two and Original Claim One both address the same time of the pre-trial competency hearing, the claims are supported by different types of facts. *See Mayle*, 545 U.S. at 650 (no relation back when the amended claim is supported by facts that differ in both time and type from those supporting an original claim); *see also Mandacina*, 328 F.3d at 1002 (no relation back when amended claim occurred at same time but differed in type from original claim). Amended Claim Two focuses on counsel's conduct both before and during the hearing, as well as on facts supporting Petitioner's mental state. Original Claim One focuses primarily on the legal issues determining which party has the burden to prove competency or incompetency. *See Ciampi*, 419 F.3d at 24 (no relation back when the foci of the original and amended claims were different). Although Amended Claim Two and Original Claim One involve similar facts supporting Petitioner's mental state, the claims focus on different times. Amended Claim Two focuses on the time up to and during the pre-trial competency hearing. Original Claim Two focuses on the trial. Accordingly, Amended Claim Two does not relate back to claims in the Original Petition.

### b. Amended Claim Three.

Amended Claim Three alleges that the trial court erred in failing to order a competency hearing during trial and in trying Petitioner while he was incompetent. Respondents agree that the portion of Amended Claim Three concerning the court's failure to order a hearing is identical to Original Claim Two. (Opp Br. at 10.) However, Respondents argue that trying Petitioner while he was allegedly incompetent is a new claim that does not relate back to the Original Petition. (*Id.*) The court's failure to order a competency hearing during trial is supported by facts related to Petitioner's incompetency during trial. The same time and type of facts support Petitioner's incompetency during trial. *See Mayle*, 545 U.S. at 657 (relation back applies when amended and original claims arise from the same core facts). Accordingly, Amended Claim Three relates back to claims in the Original Petition.

### c. Amended Claim Four.

Amended Claim Four alleges that a state nurse made Petitioner more incompetent. Facts supporting this claim focus primarily on the nurse's interactions with Petitioner before the pre-trial competency hearing. (FAP at 34.) Petitioner argues that Amended Claim Four relates back to facts supporting Original Claims One and Two, which allege that the trial court erroneously placed the burden of proof on Petitioner during his pre-trial competency hearing and that the trial court failed to order a competency hearing during trial. (Reply Br. at 7-8.)

However, the facts supporting Amended Claim Four differ in both time and type from those supporting Original Claims One and Two. *See Mayle*, 545 U.S. at 650 (no relation back when the amended claim is supported by facts that differ in both time and type from those supporting an original claim). The amended claim focuses on the *nurse's* conduct *prior to* the pre-trial competency hearing. Original Claim One focuses on the *trial court's* conduct *during* the pre-trial competency hearing. Original Claim Two focuses on the trial court's and Petitioner's conduct *during trial*. Accordingly, Amended Claim Four does not relate back to claims in the original claim.

#### d. Amended Claim Five.

Amended Claim Five alleges that state prosecution unlawfully presented false evidence regarding the nature of Petitioner's relationship with a past victim and unlawfully presented evidence that the trial court previously had excluded. The facts supporting Amended Claim Five involve evidence of Petitioner's past crimes and the prosecution's introduction of the fact that Petitioner was HIV-positive. (FAP at 36-42.) Petitioner argues that Amended Claim Five involves the same core facts as those supporting Original Claim Four, which allege that the trial court misstated the burden of proof while instructing the jury on other-crimes evidence. (Reply Br. at 8.)

However, Amended Claim Five relies on facts that differ in type from those in Original Claim Four. *See Mayle*, 545 U.S. at 650 (no relation back when the amended claim is supported by facts that differ in both time and type from those supporting an original claim); *see also Ciampi*, 419 F.3d at 24 (no relation back when the foci of the original and amended claims were different). Amended Claim Five turns on the prosecution's characterization of other-crimes evidence and its introduction of the fact that Petitioner is HIV-positive. Although Petitioner discussed the introduction of other-crimes evidence in Original Claim Four, Original Claim Four turns on the trial court's jury instructions. Accordingly, Amended Claim Five does not relate back to claims in the Original Petition.

#### e. Amended Claim Six.

Amended Claim Six alleges ineffective assistance of counsel at trial for failing to defend against other-crimes evidence, failing to investigate Petitioner's relationship with a state nurse, failing to investigate Petitioner's mental state, permitting improper testimonial evidence at trial and permitting improper jury instructions regarding other-crimes evidence. Amended Claim Six relies on facts related to Petitioner's previous crimes, facts related to Petitioner's relationship with a state nurse, facts related to Petitioner's mental state, and jury instructions. (FAP at 43-47.) Petitioner argues that Amended Claim Six relates back to two original claims: Original Claim Four, the jury instruction challenge, and Original Claim Three, the challenge to admission of evidence from prior competency exams. (Reply Br. at 10-11.)

As in *Mock*, the portion of Amended Claim Six that alleges ineffective assistance with jury instructions relates back to Original Claim Four, alleging error with those same jury instructions. *See* 2006 U.S. Dist. LEXIS 27079 at *4 (relation back applies when amendment alleges ineffective assistance in failing to raise an *Apprendi* challenge and original claim alleges a *Booker* challenge). Similarly, the portion of Amended Claim Six that alleges ineffective assistance for admitting competency exam evidence relates back to Original Claim Three, alleging improper admission of competency exam evidence. *Id.* Respondents argue that because the claims involve different actors (trial counsel in Amended Claim Six and the court in Original Claims Three and Four), Amended Claim Six does not relate back. (Opp. Br. at 12.) However, but for the different actors – or more precisely, the different legal theories – the claims are identical in time and type. *See Mayle*, 545 U.S. at 664 n.7 (relation back applies when underlying facts are the same and only the legal theory changes).

The remainder of Amended Claim Six, including failing to defend against other-crimes evidence, failing to investigate Petitioner's past relationship with a state nurse and failing to investigate Petitioner's mental state, suffers from the same fatality as Amended Claim Five. These portions of Amended Claim Six differ in both time and type from Original Claims Three and Four. *See id.* at 650 (no relation back when the amended claim is supported by facts that differ in both time and type from those supporting an original claim). Amended Claim Six focuses not only on defense counsel's conduct at the time of the trial, but also on pre-trial investigation. Original Claim Three focuses solely on the admission of competency hearing evidence. Original Claim Four focuses solely on the other-crimes jury instructions. Accordingly, Amended Claim Six relates back to the Original Petition only with respect to claims alleging ineffective assistance with jury instructions and admission of the competency exam evidence.

### f. Amended Claim Eight.

Amended Claim Eight alleges that the trial court unlawfully admitted testimonial evidence from an absent psychologist and from a hospital report. The facts supporting Amended Claim Eight involve the availability of specific witnesses and Petitioner's opportunity

to confront them. (FAP at 49.) Respondents argue that Amended Claim Eight does not arise out of the same facts as any of those alleged in the Original Petition. (Opp. Br. at 13.) However, Amended Claim Eight clarifies Original Claim Three, which alleges that the court incorrectly admitted evidence from the pre-trial competency hearing. *See Woodward*, 263 F.3d at 1142 (relation back applies when amendment clarifies an original claim). Amended Claim Eight specifies what competency exam evidence is at issue. Accordingly, Amended Claim Eight relates back to claims alleged in the Original Petition.

### g. Amended Claim Ten.

Amended Claim Ten alleges that appellate counsel was ineffective for not raising certain claims on appeal and references all facts set forth in the previous amended claims. Petitioner argues that Amended Claim Ten encompasses all facts alleged in the Original Petition. (Reply Br. at 13.) However, Amended Claim Ten differs in time from all claims made in the Original Petition. *See Mayle*, 545 U.S. at 650 (no relation back when the amended claim is supported by facts that differ in both time and type from those supporting an original claim). None of the original claims discuss issues on appeal. Accordingly, Amended Claim Ten does not relate back to the claims made in the Original Petition.

### 2. Good Cause Exists for Granting a Stay Before Determining Whether Equitable Tolling Applies.

Petitioner argues if any of his claims do not relate back, equitable tolling of AEDPA's time limit may be appropriate given Petitioner's mental health. (Reply Br. at 14.) Petitioner requests the Court to stay its determination regarding equitable tolling pending the outcome of separate state criminal proceedings against Petitioner. (*Id.* at 15.)

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available . . . only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quotations omitted). "A putative habeas petitioner's mental incompetency – a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control – renders the petitioner unable to assist his attorney in the preparation of a habeas petition. Such a condition could eviscerate the statutory right to

counsel. Where . . . there is a threshold showing of mental incompetency, a sufficient showing has been made for equitably tolling the statute of limitations." *Calderon v. U.S. Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (overruled on unrelated grounds); *see also Laws*, 351 F.3d at 923 (citing *Calderon* with approval).

Here, although Petitioner has not shown that mental incompetence prohibited him from timely filing any of the claims alleged in his First Amended Petition, the record at least supports that possibility. It is undisputed that Petitioner was declared incompetent on three occasions prior to his trial. With this motion, Petitioner challenges his competency during trial. In addition, Petitioner's current counsel has questioned Petitioner's present-day competency in pending state criminal proceedings. (Declaration of Alan Gelfand in Support of Reply to Motion to File First Amended Petition for Writ of Habeas Corpus and Opposition to Motion to Dismiss First Amended Petition for Writ of Habeas Corpus ¶ 3.) According to state counsel, litigation continues to determine Petitioner's competency to stand trial. (*Id*. ¶¶ 4-6.)

"District courts have inherent authority to stay proceedings before them." *Gates v. Woodford* (*Rohan ex rel. Gates*), 334 F.3d 803, 817 (9th Cir. 2003). Accordingly, the Court STAYS resolution of all claims alleged in Petitioner's First Amended Petition pending the outcome of state competency hearings, and DENIES Respondents' motion to dismiss the First Amended Petition. Upon vacating the stay, the Court will determine whether equitable tolling is appropriate with regard to the amended claims that do not relate back to the Original Petition.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to file an amended habeas petition is GRANTED as to Amended Claims One, Three, Seven, Nine and Eight, as well as to Amended Claim Six with respect to jury instructions and the admission of evidence from pre-trial competency hearings. The motion is DENIED as to Amended Claims Two, Four, Five and Ten, as well as to the remainder of Claim Six.

13

Additionally, Petitioner's motion to stay the Court's determination of whether Petitioner's alleged incompetence justifies equitably tolling the statutory time limit for filing a petition for writ of habeas corpus is GRANTED. Petitioner is ordered to file a status report on the state competency hearing every 120 days. Upon resolution of the competency hearing, the parties are ordered to brief the matter of whether Petitioner's alleged incompetency during the period when he was eligible to file a federal habeas petition justifies equitable tolling. In light of the stay, Petitioner's motion for an evidentiary hearing on his First Amended Petition is DENIED because as premature.

**IT IS SO ORDERED.**

Dated: April 19, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE